UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDUL NEVAREZ,<br>　　　　　Plaintiffs,<br>　　v.<br>CANYON LAKES GOLF COURSE & BREWERY LLC, et al.,<br>　　　　　Defendants. | Case No. 4:17-cv-03247-KAW<br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br>Re: Dkt. No. 12 |

On September 11, 2017, Defendant Canyon Lakes Golf Course & Brewery LLC filed a motion to dismiss Plaintiff Abdul Nevarez's complaint. (Def.'s Mot., Dkt. No. 12.)

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, DENIES Defendant's motion to dismiss.

## I. BACKGROUND

Plaintiff Abdul Nevarez's right leg is amputated above the knee and he has significant nerve damage in his left leg and left arm. (Compl., Dkt. No. 1 ¶ 7.) He requires the use of a wheelchair for mobility, and is, therefore, a qualified person with a disability within the meaning of the Americans with Disabilities Act ("ADA"). *Id.* Canyon Lakes is the owner and operator of the subject golf course. (Complaint, Dkt. No. 1 ¶ 8.)

On or about March 27, 2017, Plaintiff called Canyon Lakes to book a tee time and spoke with a Canyon Lakes representative. (Compl. ¶ 15.) When Plaintiff asked whether the course had a ParaGolfer adaptive golf cart, the representative stated that Canyon Lakes did not have any golf carts for disabled players. (Compl. ¶ 15.) Plaintiff left the representative with information on the ParaGolfer and the representative promised to discuss the issues with management. (Compl. ¶ 15.)

On April 2, 2017, Plaintiff followed up on the conversation by emailing the Canyon Lakes general manager to discuss the lack of golf carts for disabled players. (Compl. ¶ 16.) On April 3, 2017, General Manager Ashley Reynolds responded that, although Canyon Lakes did not have a specific cart for disabled golfers, if possible, it could borrow one from a nearby course. (Compl. ¶ 16.) Ms. Reynolds then inquired if there was a nearby course where Plaintiff has used the ParaGolfer. *Id.*

On April 4, 2017, Plaintiff responded that he is not always able to predict when he is able to golf given his wife's work schedule and provided additional information about the ParaGolfer. (Compl. ¶ 17.)

Ms. Reynolds responded on April 19, 2017, stating that Canyon Lakes would be able to obtain a ParaGolfer from The Bridges Golf Club nearby, based on availability and on at least 48 hours' notice. (Compl. ¶ 18.) Ms. Reynolds stated that the Course "is unfortunately not reasonably able to purchase [its] own ParaGolfer at this time." (Compl. ¶ 18).

On April 23, 2017, Plaintiff replied that the adaptive golf cart at The Bridges Golf Club is not a ParaGolfer, but a SoloRider golf cart, with which he has had significant difficulties and safety concerns in the past. (Compl. ¶19.) Plaintiff also reiterated his desire to be able to golf at his leisure at Canyon Lakes and not have to book 48 hours in advance. *Id.*

On June 6, 2017, Plaintiff filed the instant lawsuit alleging disability discrimination under Title III of the Americans with Disabilities Act and the Unruh Act. (Compl., Dkt. No. 1.)

On September 11, 2017, Defendant filed a motion to dismiss. (Def.'s Mot., Dkt. No. 12.) On October 10, 2017, Plaintiff filed an opposition. (Pl.'s Opp'n, Dkt. No. 17.) On October 24, 2017, Defendant filed its reply. (Def.'s Reply, Dkt. No. 21.)

## II. LEGAL STANDARD

### A. Motion to Dismiss pursuant to Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

**B.    Request for Judicial Notice**

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001). A district court may take notice of facts not subject to reasonable

dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir. 1993). "[A] court may take judicial notice of 'matters of public record,'" *Lee*, 250 F.3d at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

## III. DISCUSSION

### A. Request for Judicial Notice

As a preliminary matter, Defendant asks that the Court take judicial notice of two documents in support of its motion to dismiss. (Def.'s Req. for Judicial Not., "RJN," Dkt. No. 13.) The documents are purportedly true and correct copies of: A) "510(k) Summary of Safety and Effectiveness" for the ParaGolfer, dated August 7, 2006, submitted to the Food And Drug Administration and accessed through the website https://www.accessdata.fda.gov/cdrh_docs/pdf6/K060936.pdf; and B) Copy of the August 7, 2006 premarket clearance submission and the FDA approval of the Paragolfer, obtained from the FDA website.

Plaintiff opposes Defendant's request for judicial notice. (Dkt. No. 18.) Specifically, Plaintiff objects that the exhibits and websites cannot be authenticated, and the documents have no probative value. *Id.* at 1. Specifically, Plaintiff argues that "it is unclear how to access thse documents from the main FDA website." *Id.* at 5. As the documents can be found by typing "ParaGolfer" in the main FDA website's search box, the Court disagrees.

Since the documents are available on the FDA's website, they are, therefore, true and correct copies of official public records, whose authenticity is capable of accurate and ready

4

determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b).

Accordingly, the Court GRANTS Defendant's request for judicial notice.

### B. Motion to Dismiss

Defendant seeks the dismissal of Plaintiff's causes of action on the grounds that businesses are not required to alter their inventory to include accessible or specialty goods, that the ParaGolfer is a personal device, and that there is no specific regulation requiring Canyon Lakes to provide an adaptive cart. (Def.'s Mot. at 2.)

#### i. Inventory

Defendant argues that it is not required to provide specialty goods, including the ParaGolfer, under the ADA. (Def.'s Mot. at 4.) Indeed, adopted ADA regulations "do[] not require a public accommodation to alter its inventory to include accessible or special goods that are designed for, or facilitate use by, individuals with disabilities." 28 C.F.R. § 36.307(a). The Ninth Circuit recently acknowledged that subsection (b) "creates an exception to the general rule by requiring that a 'public accommodation shall order accessible or special goods' in some circumstances." *Karczewski v. DCH Mission Valley LLC*, 862 F.3d 1006, 1014 (9th Cir. 2017) (citing 28 C.F.R. § 36.307(b)). This includes when the "special good can be obtained from a supplier with whom the public accommodation customarily does business." 28 C.F.R. § 36.307(b). Here, Plaintiff generally alleges that a safe, adaptive golf cart is a reasonable modification that is readily achievable. (*See* Compl. ¶¶ 20-23.) As pled, Defendant had access to an adaptive golf cart, so it presumably could have access to a "safe, adaptive golf cart." (*See* Compl. ¶ 19.)[1] Whether obtaining such a golf cart is readily achievable, however, is not properly resolved at the pleadings stage.

Accordingly, Defendant's motion to dismiss based on the fact that it is not required to alter its inventory is denied.

---

[1] The Court notes that Plaintiff uses the ParaGolfer and "adaptive golf cart" interchangeably in the complaint. This does not mean that the ParaGolfer is the only type of "safe, adaptive golf cart" or that it is even an adaptive golf cart at all. *See* discussion *infra* Part III.B.ii. That is a question of fact.

5

### ii. Whether the ParaGolfer is a personal device

Defendant contends that the ParaGolfer is a personal device, specifically a wheelchair, which is not required to be provided by places of public accommodation pursuant to 28 C.F.R. § 36.306. (Def.'s Mot. at 5.) Defendant points to the history of the ParaGolfer, including the FDA filings, to supports its assertion that the device is a standup wheelchair. *Id.* (citing RJN, Exs. A & B.) The FDA filings, however, only show that the FDA considered that the ParaGolfer could be classified as a wheelchair. This fact alone is not dispositive.

In opposition, Plaintiff contends that the ParaGolfer is an adaptive golf cart rather than a wheelchair. (Pl.'s Opp'n at 2.) In support of his position, Plaintiff offers the declaration of ParaGolfer inventor Anthony Netto, who states that the ParaGolfer was described as a wheelchair by the FDA, and that it, in fact, is too wide to use as a wheelchair in most buildings. (Decl. of Anthony Netto, Dkt. No. 20 ¶¶ 4-5.) The determination of whether the ParaGolfer is a wheelchair requires evidence far beyond the pleadings, and must be decided on a motion for summary judgment. Notwithstanding, the Court observes that the ParaGolfer brochure refers to the device's base as the "Wheelchair body," which appears to contradict Mr. Netto's sworn declaration. (*See* Netto Decl., Ex. A at 6.)

Even so, Plaintiff's reliance on *Karcewski* for the proposition that the ParaGolfer is not a personal device is misplaced. (Pl.'s Opp'n at 7.) The ParaGolfer is not a "specialized device[] that must be installed or coordinated with a business' system," such as an assistive listening device that is compatible with a specific movie theater's sound system or a brand of hand controls that a car dealership would know how to install. *Karczewski*, 862 F.3d at 1016. Rather, the ParaGolfer appears to be a general purpose device that works on any golf course or, perhaps, for other outdoor activities or athletic endeavors that require standing.

Nevertheless, whether the ParaGolfer is a wheelchair within the meaning of 28 C.F.R. § 36.306 cannot be decided on a motion to dismiss, and, therefore, Defendant's motion is denied.

### iii. The absence of any specific ADA regulation requiring an adaptive cart

Lastly, Defendant argues that the complaint does not allege a specific regulation that requires an adaptive golf cart to be provided. While true, a specific regulation is not necessarily

required to obligate the golf course to provide a readily achievable accommodation as required by the ADA. Thus, the absence of a specific regulation is not fatal to Plaintiff's claims.

### IV. CONCLUSION

In light of the foregoing, Defendant's motion to dismiss is DENIED. Defendant shall file its answer within 21 days of this order.

Additionally, Defendant's request for judicial notice is GRANTED.

IT IS SO ORDERED.

Dated: November 15, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge